

565 Fifth Avenue, Seventh Floor
New York, NY 10017
TEL 212.880.9567 | FAX 917.591.5245
www.fleischmanlawfirm.com

September 10, 2014

**VIA ECF AND ELECTRONIC MAIL**

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

      Re:   *LRGP III, LLC and SLRA Inc. v. CPP Investment Board Real Estate Holdings Inc., et al*, Civil Action No. 14 CV 6937-RJS

Dear Judge Sullivan:

      My firm represents plaintiffs LRGP III, LLC and SLRA Inc. (collectively, "Plaintiffs") in this matter. This case relates to: (a) the improper efforts of the defendant limited partners ("Defendants") in two investment funds (the "Funds") to replace LRGP III, LLC ("LRGP") as the general partner of those funds; and (b) potentially, the propriety of fees paid to LRGP's affiliate, plaintiff SLRA Inc. ("SLRA"), in connection with a variety of financial services that SLRA provided to the Funds (the "Service Fee"). Plaintiffs contend that the Service Fee issue should be resolved in connection with an arbitration they filed against Defendants on July 3, 2014 (the "Arbitration").

      Last night, I learned from Defendants' counsel that Defendants had filed two orders to show cause with the Court early yesterday. The first order to show cause apparently relates to the Defendants' request for a preliminary injunction. The second order to show cause apparently relates to a motion to intervene by the entity that Defendants have proposed as the replacement for LRGP.

      I say apparently and describe the orders to show cause in only the most general terms because Defendants have not served Plaintiffs with their papers. That failure to promptly serve Plaintiffs violates Fed. R. Civ. P. 5 and Local Rule 6.1, which require the service of motion papers on all parties' counsel.

      Defendants may well observe that they have filed *ex parte* order to show cause papers, not motions they must share with opposing counsel. That observation is no excuse for Defendants' conduct, however. In my conversation with Defendants' counsel, he could not articulate any reason that justified proceeding with the two motions on an *ex parte* basis. I have been discussing this matter with Defendants' counsel for a number of months, including several face-to-face meetings. My office immediately informed Defendants' counsel of the service of

# FLEISCHMAN | LAW FIRM

the Complaint, and Defendants' counsel was authorized to accept service of that document. Thus, my and my co-counsel's identity and role in this proceeding is no mystery.

Moreover, while Defendants have undoubtedly attempted to trump up some exigency that demands immediate Court intervention, their actions belie any such assertion. In part, Defendants' preliminary injunction motion seeks some sort of restraint upon the previously paid Service Fee funds. Defendants have known about the payment of the Service Fee since early 2014. It has taken Defendants over seven months to ask this Court to take some action with respect to the Service Fee, and they did so only after Plaintiffs filed this action. In fact, at least six months ago, the parties reached a written agreement in connection with the safekeeping of the Service Fees until the dispute was resolved. No recent developments have occurred with respect to the funds paid to SLRA, and Defendants' supposed grievances can clearly be addressed by means of a damages remedy. Accordingly, Defendants have no hope of establishing the irreparable injury that would be required to justify the issuance of a preliminary injunction related to the Service Fee.

Defendants are also apparently seeking a stay of the Arbitration, a contractually required proceeding LRGP commenced over two months ago after Defendants expressed their desire to terminate LRGP for cause. The central issue in that arbitration is the propriety of the payment of the Service Fee to SLRA. Defendants' effort to stay the arbitration is too little, too late. Defendants have been actively participating in that arbitration for months. They filed a twenty-page Answer and a motion to dismiss all claims relating to the service fees. In addition, they have already ranked the acceptable arbitrators proposed to the parties by the AAA. By engaging in those substantial arbitration procedures, Defendants have waived any argument that the Arbitration should be stayed in favor of a litigation they made no effort to commence in the over seven months after they learned of the payment of the Service Fee.

Finally, moving by order to show cause to have the proposed replacement general partner intervene in this action makes no sense. Had Defendants raised the issue of intervention with Plaintiffs, the parties could likely have resolved that issue without occupying the Court's time.

We have explained to Defendants our position and our views on the propriety of their recent *ex parte* submissions to the Court, and requested that they withdraw them. Defendants both refuse to withdraw or show us their submissions.

For the foregoing reasons, Plaintiffs respectfully request that the Court require Defendants to serve their two proposed orders to show cause upon Plaintiffs and that the Court deny those improper applications in all respects.

Respectfully submitted,

*Keith Fleischman*

Keith M. Fleischman

cc: Charles Connolly, Esq.
James P. Bonner, Esq.