Charles F. Connolly
Aditya G. Nagarajan
AKIN GUMP STRAUSS HAUER
 & FELD LLP
1333 New Hampshire Avenue N.W.
Washington, DC 20036
(202) 887-4000

James P. Chou
AKIN GUMP STRAUSS HAUER
 & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LRGP, LLC and SLRA INC., <br><br> Plaintiffs, <br><br> v. <br><br> CPP INVESTMENT BOARD REAL ESTATE HOLDINGS INC., GOTHIC CORPORATION, INTERNATIONAL BANK OF RECONSTRUCTION AND DEVELOPMENT AS TRUSTEE FOR THE STAFF RETIREMENT PLAN AND TRUST AND THE RETIRED STAFF BENEFITS PLAN AND TRUST, LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and EMPLOYERS INSURANCE COMPANY OF WAUSAU, <br><br> Defendants, <br> and <br><br> LIQUID REALTY PARTNERS III, L.P., LIQUID REALTY PARTNERS III-A, L.P., and ARC (GP1) Ltd, <br><br> Proposed Intervenor-Defendants. | Civil Action No. 14-cv-6937-RJS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF PROPOSED INTERVENORS' MOTION TO INTERVENE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

## TABLE OF CONTENTS

                                                                                    **Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.     PROPOSED INTERVENORS HAVE AUTHORITY FOR THIS MOTION ..................... 2

II.    PLAINTIFFS WHOLLY IGNORE PROPOSED INTERVENORS' CLEAR
       INTEREST IN THIS ACTION ......................................................................................... 2

       A.     The Funds' Significant Interests in This Matter Warrant Intervention .................... 2

       B.     ARC's Interests Are Clear and In Jeopardy Absent Intervention ............................ 4

       C.     The Proposed Intervenors' Interests Are Not Adequately Represented ................... 5

III.   PLAINTIFFS' NOTICE OF PROPOSED INTERVENORS' INTERESTS AND
       CLAIMS SATISFIES RULE 24(C) .................................................................................. 6

IV.   SUBJECT MATTER JURISDICTION WILL CONTINUE TO EXIST IF THE
       FUNDS INTERVENE ....................................................................................................... 8

V.    THIS COURT SHOULD EXERCISE ITS AUTHORITY TO GRANT THE
       PROPOSED INTERVENORS PERMISSIVE INTERVENTION ..................................... 9

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abramson v. Pennwood Inv. Corp.*,
  392 F.2d 759 (2d Cir. 1968)................................................................................................7

*Allen v. El Paso Pipeline GP Co.*,
  90 A.3d 1097 (Del. Ch. 2014)..............................................................................................3

*Bano v. Union Carbide*,
  99-CV-11329, 2005 WL 6800401 (S.D.N.Y. Aug. 12, 2005)..............................................7

*Broome v. ML Media Opportunities Partners*,
  273 A.D.2d 63 (N.Y. App. Div. 2000) .................................................................................3

*EEOC. v. Int'l Assoc. of Bridge, Structural and Ornamental Ironworkers, Local 580*,
  139 F. Supp. 2d 512 (S.D.N.Y. 2001)...................................................................................6

*Feeley v. NHAOCG, LLC*,
  62 A.3d 649 (Del. Ch. 2012).................................................................................................5

*G-I Holdings, Inc. v. Baron & Budd*,
  01-CV-216, 2002 WL 1822929 (S.D.N.Y. Aug. 7 2002).....................................................7

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964 (3d Cir. 1998) .......................................................5

*In re Tribune Co. Fraudulent Conveyance Litig.*,
  291 F.R.D. 38 (S.D.N.Y. 2013) ........................................................................................6, 7

*Tachiona ex rel. Tachiona v. Mugabe*,
  186 F. Supp. 2d 383 (S.D.N.Y. 2002)...................................................................................6

*Thornton v. Bernard Techs., Inc.*,
  C.A. No. 962, 2009 WL 426179 (Del. Ch. Feb. 20, 2009)...................................................3

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972)..............................................................................................................6

*Windsor v. United States*,
  797 F. Supp. 2d 320 (S.D.N.Y. 2011)...................................................................................6

**STATUTES**

22 U.S.C. § 286............................................................................................................................8

22 U.S.C. § 286g..........................................................................................................................8

28 U.S.C. § 1367(a) ...........................................................................................................8, 9

28 U.S.C. § 1367(b) ..............................................................................................................8

**RULES**

Fed. R. Civ. P. 8(d) ...............................................................................................................6

Fed. R. Civ. P. 8(e) ...............................................................................................................6

Fed. R. Civ. P. 24 .................................................................................................................2

Fed. R. Civ. P. 24(a)(2) ...................................................................................................1, 10

Fed. R. Civ. P. 24(b)(2) ......................................................................................................10

Fed. R. Civ. P. 24(c) ...................................................................................................6, 7, 8

**OTHER AUTHORITIES**

13D Charles Alan Wright, et al., *Federal Practice and Procedure* § 3571 (2014) ..........................8

**PRELIMINARY STATEMENT**[1]

The core of this dispute concerns the Funds: who may act as their general partner, what is to become of their existing assets, and whether they will ever recover the £16.3 million taken by LRGP for its affiliate SLRA. The Funds and ARC (the "Proposed Intervenors") have timely moved to intervene to protect their distinct interests in this dispute. The Funds, whose limited partners are *not* all named Defendants in this action, seek to discover what remains of their assets and to regain those assets from LRGP's control.[2] ARC, the Funds' new general partner, seeks to perform its obligations to the Funds—which it cannot do without the books, records, accounts, monies, and assets that LRGP continues to wrongfully retain.

In opposition, Plaintiffs contend that ARC is not the Funds' general partner. That is wrong, and more importantly, it is irrelevant. Whether LRGP was properly removed and ARC properly appointed is a merits issue; it has no bearing on whether the Proposed Intervenors "*claim[]* an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2) (emphasis added). At bottom, this is a dispute about two partnerships'

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the same meanings ascribed to them in Proposed Intervenors' opening memorandum of law.

[2] Neither the Funds nor ARC is certain of the Funds' value—a fact that highlights the harm they are facing. In addition to the £16.3 million in contested fees, it appears there may be between about £17 million and £33.5 million remaining in the Funds' accounts. Plaintiff LRGP has provided widely inconsistent information in this regard. In the last known quarterly financial statement circulated by LRGP, which reports assets through September 30, 2013, LRGP reports that LRP III and LRP III-A had approximately £33.5 million in combined assets. But that was before LRGP removed the £16.3 in disputed fees, and may even have been before LRGP figured out what it was going to charge for SLRA's alleged services. Thus, the most recent information available to the Funds and ARC is that there should be approximately £17 million in assets remaining. But the Funds would need at least £33.5 million in combined assets to justify the Management Fees (1.25% of Net Asset Value) that Plaintiffs claim LRGP III is owed. This suggests that either there are significantly more assets in the Funds than previously reported, or that LRGP is essentially double counting the Additional Fees: treating them as proper expense payments to SLRA *and* as assets of the Funds for purposes of calculating the Management Fees.

management and assets, and Rule 24 sensibly gives the partnerships, and one of their two putative general partners, a right to participate in the resolution of that dispute.

## ARGUMENT

### I. PROPOSED INTERVENORS HAVE AUTHORITY FOR THIS MOTION

LRGP mistakenly contends that it is still the general partner of the Funds, and that it alone has the authority to determine whether the Funds may intervene.  The sole issue presented by this Motion, however, is whether the Proposed Intervenors satisfy the requirements for intervention under Fed. R. Civ. P. 24.  Plaintiffs' challenge to the status of ARC and its ability to cause the Funds to make this Motion cannot and should not bar intervention; indeed, it is *because* Plaintiffs refuse to relinquish control over the Funds and the Funds' assets, including the over £16 million of Additional Fees, that ARC and the Funds each have an interest—and a right to participate—in this litigation.

In any event, Plaintiffs' position that ARC cannot request intervention disregards the fact that LRGP has been removed as general partner and duly replaced by ARC since August 25, 2014.  The vast majority of the Funds' limited partners effected that removal and named ARC as the new general partner.  Accordingly, ARC is in a position to request intervention and, to the extent general partner approval is necessary, to direct the Funds to move for intervention.

### II. PLAINTIFFS WHOLLY IGNORE PROPOSED INTERVENORS' CLEAR INTEREST IN THIS ACTION

Plaintiffs have offered no reasonable argument that the entities most directly affected by any decision related to the Funds (the Funds themselves) and one of the two parties asserting control over the Funds (ARC) do not have a clear interest in this matter.

#### A. The Funds' Significant Interests in This Matter Warrant Intervention

The Funds' interests in this action are direct and substantial.  First, this lawsuit involves a

2

dispute regarding Plaintiffs' refusal to (i) relinquish control over the Funds' assets, including books, records, and accounts, and (ii) effectuate a transition to the Funds' New General Partner. In refusing to acknowledge its removal and replacement, LRGP is holding the Funds and their assets hostage while simultaneously arguing they do not have the requisite interests to intervene.

Second, this suit concerns whether Plaintiffs are entitled to the alleged Additional Fees, which Plaintiffs withdrew from the ***Funds'*** accounts. Those fees represent assets of the Funds and of all limited partners of the Funds, not just the four Limited Partners named as Defendants. Plaintiffs try to obscure this fact by characterizing this case as a dispute between them and the Limited Partners solely over "contractual issues" regarding the notice of removal. (Opp. Br. at 10.) But that characterization ignores both the underlying dispute over the Additional Fees and the impact this case will have on the current control and management of the remaining assets in the Funds.

To support their argument, Plaintiffs cite *Allen v. El Paso Pipeline GP Co.*, 90 A.3d 1097, 1109 (Del. Ch. 2014), as a case in which the "limited partners, *not partnerships*, were directly injured by [the] alleged breaches of [the] partnership agreement." (Opp. Br. at 10 (emphasis added).) But that finding simply acknowledges that limited partners may sue directly based on a partnership agreement. The court further explained that any harm and related recovery that would affect the entire partnership may be addressed in a suit *by the partnership*. *Allen*, 90 A.3d at 1104-05. Here, there is a role for both the four Limited Partners sued for exercising their rights under the LPAs, and for the Funds, whose assets and management are at stake. *See*, *e.g.*, *Thornton v. Bernard Techs., Inc.,* C.A. No. 962, 2009 WL 426179, at *3 (Del. Ch. Feb. 20, 2009) (noting that claims that a director engaged in mismanagement or self-dealing that diminished corporation's funds raised classic claims for corporate entity itself); *Broome v. ML Media*

*Opportunities Partners*, 273 A.D.2d 63, 64 (N.Y. App. Div. 2000) (finding, under Delaware law, that the mismanagement of partnerships' fees implicates the funds/partnerships themselves). That the Funds are winding down is irrelevant. There are still significant assets belonging to the Funds that are within LRGP's control, and the Funds have a right to participate in this litigation to protect those assets.

### B.     ARC's Interests Are Clear and In Jeopardy Absent Intervention

As one of the two parties claiming to be the proper general partner of the Funds, ARC also has its own distinct and substantial interests in this matter. Plaintiffs' contention that ARC is not an appropriate party to this suit because, in Plaintiffs' view, it is not the Funds' new general partner is simply wrong. First, for the reasons discussed in more detail in Defendants' opening and reply briefs in support of their motion for a preliminary injunction, Defendants satisfied all of the LPAs' requirements for effectuating a no-fault removal of LRGP. LRGP was thus properly removed and ARC properly appointed. Plaintiffs' entire argument is based on the assertion that Defendants have yet to pay the accrued Management Fees. But this fact does not vitiate the proper removal of LRGP. Section 5.6(a) of the LPAs makes clear that payment of the settlement fees is to be made "upon" removal. The payment of fees is therefore not a condition precedent to removal, but is to occur <u>after</u> (*i.e.*, upon) removal.

Plaintiffs' assertion that LRGP has yet to receive certain Management Fees is also disingenuous because LRGP refuses to cede control over the financial information necessary for the Funds to determine the amount of Fees, if any, to which LRGP is entitled, and, at least as of now, LRGP is the only party with control over, and access to, the Funds' accounts. Further, Defendants are not willing to simply trust Plaintiffs' unsupported calculation of what fees are owed to them. Beyond the fact that Plaintiffs removed approximately £16.3 million from the Funds without any notice to the limited partners, as discussed in footnote 2, Plaintiffs appear to

4

be double counting the Funds' assets by calculating the 1.25% Management Fee as if the £16.3 million Additional Fees were still Funds' assets in the Funds' accounts while simultaneously asserting that the Additional Fees are not Funds assets, but proper expense payments for long-ago provided services.

Second, as the party fulfilling the role of the new general partner, ARC has a clear interest in any dispute addressing who the proper general partner is, and has certain duties and obligations under the LPAs to the Funds and the Funds' limited partners.  *See*, *e.g.*, *Feeley v. NHAOCG, LLC*, 62 A.3d 649, 662 (Del. Ch. 2012) (noting general partner's fiduciary duties).  Plaintiffs are interfering with the fulfillment of those duties.  Thus, the issues raised in this lawsuit directly impact ARC's ability to discharge its duties, including resolving the payment of any accrued Management Fees to LRGP and obtaining necessary access to the Funds' books and records, accounts, monies, and other assets.  Moreover, as the new general partner, ARC is also a party to the LPAs and has protectable contractual rights at issue in this litigation.

Finally, the Plaintiffs' claims regarding the validity of the Notice of Removal and Notice of Appointment will have a direct impact on whether ARC can and will continue to serve as the new general partner and receive compensation for that role.  Therefore, even under Plaintiffs' version of the facts, ARC has a direct financial stake in the outcome of this litigation and should be able to participate to safeguard those interests.

### C.     The Proposed Intervenors' Interests Are Not Adequately Represented

Plaintiffs fail to grasp that the Funds and ARC have interests that are distinct from those of the named Limited Partners.[3]  First, the Limited Partners have no authority to defend against

---

[3] That the named defendants' interests may overlap with an interest of the Funds or ARC is not grounds to deny intervention where the interests of the Funds and ARC may be more expansive than—and distinct from—those of an individual LP.  *See Kleissler v. U.S. Forest Serv.*,

Plaintiffs' claims on behalf of the Funds, the other limited partners not named in this matter, or ARC.  Second, as noted above, ARC has its own distinct interests.  As the new general partner, it—unlike and apart from the other Defendants—has specific fiduciary and contractual duties to protect and administer the Funds, requiring access to the Funds' books, records, accounts, monies, and other assets.  Accordingly, both the Funds and ARC have made the "minimal" showing required to demonstrate that there "may be" inadequate representation of their distinct interests by the Limited Partners.  *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

### III. PLAINTIFFS' NOTICE OF PROPOSED INTERVENORS' INTERESTS AND CLAIMS SATISFIES RULE 24(C)

Plaintiffs contend that the request to intervene should be denied because it does not include a pleading setting out claims or defenses.  Plaintiffs' argument—an appeal to technicalities and inefficiency—should be rejected.  As courts in this District have held, "[w]here . . . the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements." *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) (holding Rule 24(c) met where position of movant was apparent from other motions and briefs).[4] Although Plaintiffs cite cases where the attachment of a pleading was required, those cases are distinguishable, and as this Court has recognized, the trend in this Circuit and others has been to

---

157 F.3d 964, 974 (3d Cir. 1998) (reversing order denying intervention where proposed intervenors had "interests inextricably intertwined with, but distinct from" existing defendant).

[4] *See also* Fed. R. Civ. P. 8(d) ("No technical form [of pleading] is required."); Fed. R. Civ. P.  8(e) ("Pleadings must be construed so as to do justice."); *Windsor v. United States*, 797 F. Supp. 2d 320, 325-26 (S.D.N.Y. 2011) (no pleading required where movant's position clear from motion papers); *EEOC. v. Int'l Assoc. of Bridge*, *Structural and Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 518-19 (S.D.N.Y. 2001) (finding pleading requirement met where other filings put opposing party on notice of claims and no prejudice found).

adopt a more lenient, practical approach to Rule 24(c).  *In re Tribune Co. Fraudulent Conveyance Litig.*, 291 F.R.D. 38, 41-42 & n.3 (S.D.N.Y. 2013) (Sullivan, J.) (finding Rule 24(c) satisfied even though no pleading filed).

Here, in the same breath that Plaintiffs decry the lack of a pleading of Proposed Intervenors' claims, Plaintiffs unequivocally state that they are on notice that the "Proposed Intervenors claim that LRGP has breached a fiduciary duty to the Funds." (Opp. Br. at 10.) Beyond notice of that claim, Proposed Intervenors' initial memorandum and the Limited Partners' memorandum in support of their motion for a preliminary injunction and supporting affidavits and exhibits put Plaintiffs on notice regarding Proposed Intervenors' positions on the issues in this case, including, but not limited to: the propriety of the Additional Fees; the validity of LRGP's removal as general partner; LRGP's breach of fiduciary duties to Defendants and Proposed Intervenors; and the validity of ARC's appointment, along with its ability to fulfill its fiduciary duties.  Proposed Intervenors' claims are apparent in this matter and therefore intervention should be granted notwithstanding the absence of a proposed pleading.[5]

Plaintiffs' reading of Rule 24(c) would be particularly inefficient here, because Defendants' answer date has not yet arrived and may not arrive until this motion is resolved.[6]

---

[5] The cases Plaintiffs cite are clearly distinguishable. (Opp. Br. at 10-11.)  In *Bano v. Union Carbide*, 99-CV-11329, 2005 WL 6800401, at *14 (S.D.N.Y. Aug. 12, 2005), the court denied intervention based on a failure to comply with Rule 24(c) where "defendants ha[d] no prior notice of the basis for Intervenors' claims."  That is far from the case here.  In *G-I Holdings, Inc. v. Baron & Budd*, 01-CV-216, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7 2002), the court denied a motion for summary judgment filed by non-parties to the action because the non-parties had never filed a motion to intervene.  Again, not this case.  Finally, Plaintiffs cite the nearly fifty-year old decision in *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968), which, this Court has noted, predates significant jurisprudential developments.  *See In re Tribune Co.*, 291 F.R.D. at 42 n.3.

[6] Under the Court-ordered stipulation entered on September 16, 2014, the date to answer the Complaint is October 14, 2014. (Docket #32).

From a timing standpoint, if this Court denies the motion to intervene because the motion does not include a formal pleading, the Proposed Intervenors would likely have to refile this Motion attaching a proposed pleading *after* Defendants have already filed their Answer and Counterclaims. Assuming the Court subsequently grants intervention, the Proposed Intervenors and Defendants would then have to amend the Answer and Counterclaims to incorporate the Proposed Intervenors' claims and defenses. That would be highly inefficient and would not benefit the Court, would not benefit the parties, and is not required by Rule 24(c).

## IV. SUBJECT MATTER JURISDICTION WILL CONTINUE TO EXIST IF THE FUNDS INTERVENE

Lastly, Plaintiffs contend that, if the Funds are permitted to intervene, the Court would be divested of subject matter jurisdiction because the parties would no longer be diverse. (Opp. Br. at 13.) Plaintiffs are mistaken. First, because the International Bank of Reconstruction and Development ("IBRD"), has been named as a Defendant, this Court has original jurisdiction over this matter pursuant to 22 U.S.C. § 286g. Under that statute, known as the Bretton Woods Agreement Act, "any action which may be brought within the United States . . . by or against . . . the Bank *** shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action." *Id.*; *see also id.* § 286 (defining the "Bank" as IBRD); 13D Charles Alan Wright, et al., *Federal Practice and Procedure* § 3571 (2014) ("Actions brought in the United States by or against . . . [IBRD] have been declared by statute to be cases arising under the laws of the United States . . . .").

Given the Court's original jurisdiction under 22 U.S.C. § 286g, Plaintiffs' concerns regarding supplemental jurisdiction over LRGP's claims for declaratory relief are misplaced. The "diversity of citizenship" exception to supplemental jurisdiction over a plaintiff's claims against an intervening defendant under 28 U.S.C. § 1367(b) is only applicable when the district

8

court's jurisdiction is based "solely" on diversity. The addition of the Funds to this action will therefore not impact this Court's ability to assert supplemental jurisdiction under 28 U.S.C. § 1367(a) over the other related claims brought in this matter. Accordingly, the Court should grant this Motion for intervention as of right.

## V. THIS COURT SHOULD EXERCISE ITS AUTHORITY TO GRANT THE PROPOSED INTERVENORS PERMISSIVE INTERVENTION

With regard to permissive intervention, Plaintiffs' opposition is based on their mistaken view that the Proposed Intervenors have no interests in this litigation not already represented by the four Limited Partners and that allowing intervention will destroy subject matter jurisdiction. As explained above and in more detail in the Proposed Intervenors' opening brief, Plaintiffs are clearly wrong on both accounts. Therefore, if the Court determines that intervention as of right is not available, it should grant permissive intervention.

## CONCLUSION

For the foregoing reasons, the Funds and the New General Partner respectfully request that the Court grant its application for intervention as party defendants as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or, in the alternative, as a matter of permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2).

*[Remainder of Page Intentionally Left Blank]*

Dated: September 30, 2014
New York, New York

        Respectfully submitted,

        AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ James P. Chou*
    James P. Chou
    One Bryant Park
    New York, New York 10036
    Tel: (212) 872-1000
    Fax: (212) 872-1002

    Charles F. Connolly
    Aditya G. Nagarajan
    1333 New Hampshire Avenue N.W.
    Washington, DC 20036
    (202) 887-4000

    *Counsel for Proposed Intervenor-Defendants Liquid Realty Partners III, L.P. , Liquid Realty Partners III-A, L.P. and ARC (GP1) Ltd.*